IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| The Penn State Research Foundation )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Samsung Electronics Co., Ltd., )<br>Samsung Electronics America, Inc., )<br>Samsung Telecommunications America, LLC, )<br>Samsung Display Co., Ltd. )<br>)<br>Defendants. ) | No. _ : 14-CV-<br>(Judge     ) |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff, The Penn State Research Foundation ("Plaintiff Penn State"), files this Original Complaint for patent infringement against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Display Co., Ltd. (collectively "Defendants"), and alleges as follows:

## I.   PARTIES

1.   Plaintiff Penn State is a 501(c)(3) non-profit corporation which acts as the technology transfer agent of The Pennsylvania State University. Plaintiff Penn State's principal place of business is located at 208 Old Main, University Park, Pennsylvania 16802. The Pennsylvania State University is an instrumentality of the

Commonwealth of Pennsylvania and is a state-related institution of higher education.

2. On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of Korea, having its principal place of business at 1320-10, Seocho2-dong, Seocho-gu, Seoul 137-857 Korea. Upon information and belief, Defendant Samsung Electronics Co., Ltd. is a nonresident of Pennsylvania that engages in business in the Commonwealth, but does not maintain a regular place of business in Pennsylvania or a designated agent for service of process in the Commonwealth. Defendant Samsung Electronics Co., Ltd. may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

3. On information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized under the Laws of the State of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Defendant Samsung Electronics America, Inc. is a wholly-owned subsidiary of Defendant Samsung Electronics Co., Ltd. Defendant Samsung Electronics America, Inc. may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

4. On information and belief, Defendant Samsung Telecommunications America, LLC is a limited liability company organized under the Laws of the State

of Delaware, having its principal place of business at 1301 East Lookout Drive, Richardson, TX 75082. Defendant Samsung Telecommunications America, LLC is a wholly-owned subsidiary of Defendant Samsung Electronics America, Inc. Defendant Samsung Telecommunications America, LLC may be served through its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5. Upon information and belief, Defendant Samsung Display Co., Ltd. is a corporation organized under the laws of Korea, having its principal place of business at Samsung St. 181, Tangjeong-Myeon, Asan-City, Chungcheongnam-Do, Korea. Defendant Samsung Display Co., Ltd. may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

## II. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United Stated Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the Commonwealth of Pennsylvania. Each Defendant, directly or through intermediaries (including

distributors, retailers, and others), ships, distributes, offers for sale, and/or sells its products in the United States, the Commonwealth of Pennsylvania, and the Middle District of Pennsylvania. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Middle District of Pennsylvania. Infringing products have been and continue to be purchased by consumers in the Middle District of Pennsylvania. Each Defendant has committed the tort of Patent Infringement within the Commonwealth of Pennsylvania and, more particularly, within the Middle District of Pennsylvania.

8. Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

### III. INFRINGEMENT OF UNITED STATES PATENT

9. Plaintiff Penn State is the owner of all rights, title and interest in and under United States Patent No. 6,720,572 ("'572 patent"), titled "Organic Light Emitters with Improved Carrier Injection," which was duly and legally issued on April 13, 2004.

10. The '572 patent is valid and enforceable.

11. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '572 patent.

## IV.  CLAIM ONE - INFRINGEMENT OF THE '572 PATENT

12.  Plaintiff Penn State incorporates by reference all paragraphs above as though fully repeated herein.

13.  Defendants have been and continue to directly infringe the '572 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '572 patent in violation of § 271(a), including, but not limited to the Galaxy SIII, the Samsung Galaxy S4, and other similar products.

14.  Defendant Samsung Electronics Co., Ltd. has known of the '572 patent since at least May 12, 2010 when its patent application number 12/031/287[1] was rejected under 35 U.S.C. § 103(a) as unpatentable over the '572 patent in combination with another reference:



---

[1] This application issued as U.S. Patent No. 7,863,628 on 1/4/2011.

Thereafter, Defendants had actual notice of Plaintiff Penn State's claim that the '572 patent covered the Samsung Galaxy SIII and/or S4 products.

15. Defendants have at no time, either expressly or impliedly, been licensed under the '572 patent.

16. Plaintiff Penn State has no adequate remedy at law against Defendants' acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful and willful infringement of the '572 patent, Plaintiff Penn State will suffer irreparable harm.

17. As a direct and proximate result of Defendants' acts of patent infringement, Plaintiff Penn State has been and continues to be injured, and has sustained and will continue to sustain substantial damages. Under 35 U.S.C. § 281, Plaintiff Penn State shall have a remedy for Defendants' infringement of the '572 patent by virtue of this lawsuit, and shall be entitled to an award of damages adequate to compensate for Defendants' infringement of the '572 patent; but in no event, less than a reasonable royalty for the use and/or sale of its invention made by Defendants, together with interest and costs as fixed by the court under 35 U.S.C. § 284.

## V.  PRAYER FOR RELIEF

Plaintiff Penn State respectfully requests that judgment be entered in its favor against Defendants and respectfully requests that this Court grant it the following relief:

a) Declare that Plaintiff Penn State exclusively owns the '572 patent;

b) Declare that the '572 patent is valid and enforceable;

c) Declare that Defendants infringe the '572 patent;

d) Award damages to Plaintiff Penn State to which it is entitled because of Defendants' infringement of the '572 patent;

e) Award Plaintiff Penn State other supplemental damages and interest including, but not limited to, attorney's fees under 35 U.S.C. § 285;

f) Permanently enjoin Defendants from making, having made, selling, offering for sale, importing, distributing, and using products that infringe the '572 patent; and

g) Award Plaintiff Penn State any other and further relief as this Court may deem just and proper.

## VI.  JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Penn State asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

| | |
|---|---|
| Dated: January 24, 2014 | Respectfully submitted, |

*s/ Terry W. Light PA 20789*
Terry W. Light
Pennsylvania State Bar No. 20789
**Brann & Light, P.C.**
112 Market Street
Lewisburg, PA 17837
Telephone (570) 523-3241
Facsimile (570) 524-0896
tlight@brann-light.com

Michael W. Shore
Texas State Bar No. 18294915
Alfonso Garcia Chan
Texas State Bar No. 24012408
Christopher L. Evans
Texas Bar No. 24058901
Ari B. Rafilson
Texas State Bar No. 24060456
**Shore Chan DePumpo LLP**
901 Main Street, Suite 3300
Dallas, TX 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
cevans@shorechan.com
arafilson@shorechan.com

Attorneys for Plaintiff
The Penn State Research Foundation

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

The Penn State Research Foundation

v.

Samsung Electronics Co., Ltd. et al.

Civil Coversheet - Plaintiff's Attorneys

Terry W. Light
Brann & Light, P.C.
112 Market Street
Lewisburg, PA 17837

(570) 523-3241

Michael W. Shore
Alfonso Garcia Chan
Shore Chan DePumpo LLP
901 Main Street, Suite 3300
Dallas, TX 75202

(214) 593-1110

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| _____ | ) |
| _____ | ) |
| _____ | ) |
| _____ | ) |
| _____, | ) |
| **Plaintiff(s),** | ) |
| v. | ) |
| _____ | )  **Civil Action No.** _____ |
| _____ | ) |
| _____ | ) |
| _____, | ) |
| **Defendant(s)/ Third-Party Plaintiff(s),** | ) |
| v. | ) |
| _____ | ) |
| _____ | ) |
| _____ | ) |
| _____, | ) |
| **Third-Party Defendant(s).** | ) |

**DISCLOSURE STATEMENT PURSUANT TO Fed. R. Civ. P. 7.1
(Civil Action)**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, _____,
(type of party)
who is _____, makes the following disclosure:
(name of party)

☐ YES      ☐ NO

2. If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

_____

_____

_____

3. If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

_____
_____
_____
_____

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it must promptly file a supplemental statement upon any change in the information that this statement requires.

_____
Signature of Counsel for Party

Date: _____